DAVID E. LUND, Petitioner v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Lund v. Commissioner
Docket No. 1398-79.
United States Tax Court
T.C. Memo 1980-371; 1980 Tax Ct. Memo LEXIS 218; 40 T.C.M. (CCH) 1191; T.C.M. (RIA) 80371; September 10, 1980, Filed *218 Held, petitioner has not satisfied section 274(d) with regard to certain travel expenses incurred while away from home. David E. Lund, pro se. Thomas E. Brever, for the respondent. IRWIN
MEMORANDUM FINDINGS OF FACT AND OPINION IRWIN, Judge: By letter dated December 7, 1978 respondent has determined a deficiency of $2,524 in petitioner's 1976 Federal income taxes. Concessions having been *219 made, [1] the issue for decision is whether petitioner has adequately substantiated claimed deductions for business mileage and away-from-home meals and lodging. FINDINGS OF FACT Some of the facts have been stipulated and are found accordingly. The stipulation of facts and the exhibit attached thereto are incorporated herein by this reference. Petitioner David E. Lund was a resident of Minneapolis, Minnesota when he filed his petition herein. Petitioner timely filed his 1976 Federal income tax return with the Internal Revenue Service Center in Ogden, Utah. Petitioner is an ironworker by trade. During 1976 petitioner maintained his residence in Minneapolis, Minnesota. From February 9, 1976 until January 7, 1977, petitioner *220 worked in Virginia, Minnesota on construction contract M7090 for the Dravo Corporation. [2] During 1976 petitioner was away from home overnight for 240 days. On the weekends petitioner drove from Virginia to Minneapolis and back, a round trip of approximately 400 miles. During 1976 petitioner owned a 1965 Ford pickup truck which included a camper. Petitioner drove this truck to and from work in Virginia. During 1976 petitioner stayed overnight in numerous locations around Virginia. Petitioner usually stayed in motels which cost approximately $11.88 to $18.00 per day. Petitioner also rented a house located in Eveleth, Minnesota for $300 per month and later rented a house in Virginia for approximately $200 per month. The record does not disclose how long petitioner rented those houses. Occasionally petitioner stayed overnight in his camper. During 1976 petitioner kept receipts for his travel expenses and also maintained a log book of his expenses. *221 However, petitioner later lost this book and his receipts. On his 1976 Federal income tax return petitioner claimed a deduction of $336.15 for on-the-job mileage (2,241 miles at 15" per mile), which represented travel to work from his place of lodging and vice-versa, and a deduction of $6,000 for overnight travel expenses (240 days at $25 per day). In the notice of deficiency respondent disallowed these deductions in full. (See note 1, supra.) OPINION Petitioner claimed deductions for on-the-job mileage and away-from-home expenses of food and lodging. The amounts of these deductions were estimated by petitioner because he lost his records and receipts pertaining thereto. Respondent has conceded that petitioner has met the requirements of section 162 [3] for such deductions but has failed to satisfy the substantiation requirements of section 274(d). Section 162(a)(2) allows as a deduction traveling expenses (included amounts expended for food and lodging which are not lavish and extravagant) paid or incurred during the taxable year while away from home in *222 the pursuit of a trade or business. Section 274(d) provides that no deduction shall be allowed under section 162 for traveling expenses unless the taxpayer "substantiates by adequate records or by sufficient evidence corroborating his own statement" the following elements: (1) the amount of the expense, (2) the time and place of the travel, and (3) the business purpose of the expense. Section 1.274-5(c), Income Tax Regs., provides specific rules for the substantiation requirements of section 274(d). These regulations have been held valid, Sanford v. Commissioner,50 T.C. 823, 830 (1968), affd. 412 F.2d 201 (2nd Cir. 1969), cert. denied 396 U.S. 841 (1969). Failure to substantiate away-from-home travel expense results in no allowable deduction, section 1.274-5(a), Income Tax Regs.; section 274(d) eliminates the rule of Cohan v. Commissioner,39 F.2d 540 (2nd Cir. 1930) with respect to such expenses, Sanford v. Commissioner,supra,50 T.C. at 828. Section 1.274-5(c)(2)(i), Income Tax Regs., sets forth the rules for the "adequate records" provision of section 274(d). The regulation requires a *223 taxpayer to maintain an account book, diary, statement of expense or similar record and documentary evidence which, in combination, are sufficient to establish each element of an expenditure specified in section 1.274-5(b), Income Tax Regs.[4] The account book, diary, statement of expense or similar record must be prepared or maintained so that each element is recorded at or near the time of the expenditure, section 1.274-5(c)(2)(ii), Income Tax Regs. Finally, documentary evidence is defined as "receipts, paid bills, or similar evidence" and is required for any expenditure for lodging while away from home and for any other expenditure of $25 or more, section 1.274-5(c)(2)(iii), Income Tax Regs.
If a taxpayer fails to establish that he has substantially complied with the adequate records requirement with respect to any element of an expenditure, section 1.274-5(c)(3), Income Tax Regs., provides that the taxpayer must establish such element by his own statement (containing specific information in detail as to such element) and by *224 other corroborative evidence sufficient to establish such element. The only evidence presented by petitioner was his own testimony in which petitioner stated that the $25 per day claimed for meals and lodging was an estimate. Petitioner asserted that he had to estimate his meals and lodging expenses because that he had to estimate his meals and lodging expenses because the diary and receipts which he kept for 1976 were lost. Petitioner's own testimony, standing by itself, is not sufficient to meet the detailed requirements of section 274(d) and the regulations promulgated thereunder. Accordingly, we must deny petitioner's claimed expenses for meals and lodging in excess of the $2,160 allowed by respondent. [5]
*225 While respondent refers to petitioner's claimed mileage expense as "on-the-job mileage," connoting mileage incurred after arrival at the work site during the regular working day, it is apparent from the record that petitioner's mileage was from his daily trips to work from his place of lodging and vice-versa. Therefore, section 274(d) also applies to petitioner's claimed mileage deduction. Our holding regarding petitioner's claimed meals and lodging deduction is equally applicable to his claimed mileage deduction and accordingly we must deny this deduction in full. Decision will be entered under Rule 155. Footnotes
1. Respondent has conceded that petitioner is entitled to dependency exemption deductions for his mother and his son and a deduction for safety equipment purchased, and that petitioner need not include in his income for 1976 a state income tax refund received in 1977. Respondent has also conceded that petitioner is entitled to a deduction for $2,160 for meals expense while away from home. Petitioner has conceded that he is not entitled to a $100 "investment expense."↩
2. Respondent has conceded that petitioner's employment in Virginia, Minnesota was "temporary" for Federal tax purposes and thus that petitioner's away-from-home travel expenses are deductible if adequately substantiated.↩
3. All statutory references are to the Internal Revenue Code of 1954, as amended and in effect during 1976.↩
4. With respect to travel expenses, the elements specified in section 1.274-5(b)(2), Income Tax Regs.↩, are amount, time, place and business purpose.
5. Section 1.274-5(c)(5), Income Tax Regs., provides that "Where the taxpayer establishes that the failure to produce adequate records is due to the loss of such records through circumstances beyond the taxpayer's control, such as destruction by fire, flood, earthquake, or other casualty, the taxpayer shall have a right to substantiate a deduction by reasonable reconstruction of his expenditures." [Emphasis supplied.] Petitioner's misplacement of his records is not an occurrence which was beyond his control so as to allow a reasonable reconstruction of his expenditures to suffice. Barry v. Commissioner,T.C. Memo. 1978-250; Silver v. Commissioner,T.C. Memo. 1972-102↩.